# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PENINSULA PROPERTIES, INC.,**
**LEWIS H. KRUEGER,**
**RICHARD J. GIESLER and**
**AAK HOLDINGS, LLC,**

              Plaintiffs,

      v.                                    **Case No. 04-C-692**

**CITY OF STURGEON BAY and**
**WATERFRONT REDEVELOPMENT**
**AUTHORITY OF THE CITY OF STURGEON BAY,**

              Defendants.

---

**ORDER ON THE DEFENDANTS' MOTION FOR RECONSIDERATION**

---

       The dispute in this case arises out of a contract between the parties for the construction of a hotel, a convention center, and a number of condominium units that were located on a portion of the City of Sturgeon Bay's waterfront.

       Following the commencement of this litigation, the City of Sturgeon Bay (the "City") and Waterfront Redevelopment Authority of the City of Sturgeon Bay (the "Redevelopment Authority") filed a motion for judgment on the pleadings as to the plaintiffs' 42 U.S.C. §1983 claims. Because the defendants' motion relied on facts outside of the pleadings, it was converted to a motion for summary judgment. The challenged § 1983 claims, set forth at counts one and three of the complaint, allege that the defendants violated the plaintiffs' right to due process. In count one, the plaintiffs allege that the City improperly refused to issue building permits for the

condominium units until the plaintiffs agreed to advance the construction deadlines. In count three, the plaintiffs allege that both defendants arbitrarily refused to issue partial releases of the total mortgage as individual condominium units were sold.

In considering the motion for summary judgment, the court analyzed theories of substantive and procedural due process. The court granted the defendants' motion for summary judgment in part, but denied the motion as to the following two claims:

(1) Count one, which alleges that the defendants improperly refused to issue building permits, states a § 1983 claim based on a violation of the plaintiffs' substantive due process rights.

(2) Count three, which alleges that the defendants improperly refused to issue partial releases of their mortgage interest, states a § 1983 claim based on a violation of the plaintiffs' procedural due process rights.

Currently pending is the defendants' motion for reconsideration as to both of these determinations. In addition, on October 26, 2005, the defendants filed a motion to dismiss the plaintiffs state law claims, arguing that this court lacks subject matter jurisdiction. The pleadings on the motion to dismiss are not yet closed. Accordingly, that motion will be discussed in a subsequent decision. At this time, and the court will focus on the defendants' motion for reconsideration.

To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir.2000); LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir.1995). A manifest error is not demonstrated by the disappointment of the losing party. Rather, manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto, 224 F.3d at 606. Ultimately, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief

in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004).

### I. Substantive Due Process Claim for Withholding Building Permits

With these standards in mind, the court concludes that the defendants' motion should be denied with respect to the plaintiffs' remaining substantive due process claim. The City's motion for reconsideration asserts that its actions were authorized under the contract and that it needed to withhold the permits to ensure the plaintiffs' performance so that it could collect needed tax revenues from the property. These issues do not constitute newly discovered evidence or establish a manifest error of law or fact and were previously raised in the defendants' motion for summary judgment.

For example, in support of its summary judgment motion, the City said that its refusal to issue the building permits was in accordance with the parties' development contract and subsequent amendments. (Defs. Summ. J. Br. at 9-12.). Thus, according to the City, the plaintiffs' allegations amount to nothing more than a contract dispute, and not a § 1983 cause of action. (Id. at 12-13.). Moreover, the City argued that it withheld the permits as a last resort, after the plaintiffs repeatedly failed to comply with the contract, and that this was its only recourse when the plaintiffs did not supply a contractually required performance bond. Based on the foregoing, the City argued that its actions should not be viewed as egregious enough to constitute a substantive due process violation, even if its actions could be considered somewhat unfair or made in poor judgment. (Id. at 14-19.).

The plaintiffs responded that count one goes beyond a mere contractual dispute. The plaintiffs' position was that the City misused its authority to issue building permits as leverage in the parties' dispute over the performance of the contract. In other words, the plaintiffs needed the

3

permits and were coerced into accepting the City's demands to change certain terms of the contract. Thus, from the plaintiffs' perspective, it was the subsequent demanded contractual modifications that give rise to their due process claim, not the parties' compliance or noncompliance with the contract itself. (see e.g., Pls. Summ. J. Resp. Br. at 20-21.).

In its previous decision, this court concluded that, if the City used its power to issue permits as the plaintiffs' allege, then the plaintiffs have stated a viable substantive due process violation. (Summ. J. Decision and Order at 14.). Conduct by a government official creates a cognizable substantive due process claim when it "shocks the conscience." Carter v. Simpson, 328 F.3d 948, 952 (7th Cir. 2003)(quoting County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998) and Bublitz v. Cottey, 327 F.3d 485, 490 (7th Cir.2003)). Applying this standard in its previous decision, the court explained that:

> it is simply not the refusal of the City to issue building permits, but the City's use of its authority in order to impose conditions upon developers, conditions to which they did not want to agree and which harmed their financial and property interest in the project. In other words, this is not a situation where the government entity failed to act because it exercised poor judgment, but it refused to act as a means to coerce a citizen to take unwarranted action. As alleged in the plaintiffs' version of the facts, this constitutes an abuse of authority which does shock the conscience.

(Summ. J. Decision and Order at 14-15.). As the defendants have only reasserted the arguments presented on summary judgment, the court's previous reasoning remains applicable.

Moreover, the contract does not contain any provision that authorizes the City to withhold issuance of building permits as a means of enforcing the contract. The contract contains a section that addresses enforcement methods (Compl. Ex. 1 ¶ 13.), and the City have did not bargain for the authority it now asserts. Furthermore, the only provision in the contract that regards building permits favors the plaintiffs. Paragraph 7(a) states that the City *shall* provide a building permits if the plaintiffs submit the required documentation. (Compl. Ex. 1 ¶ 7(a)(emphasis added).). While

4

the plaintiffs are required to produce a bond or a letter of credit (Id. ¶ 8(c).), the contract contains no deadline for the production of that document, and paragraph 7(b) states the contract is null and void—leaving the plaintiffs with no obligation—if they are unable to obtain the necessary permits and approvals for the development of the property.  Thus, it is clear that the City's actions taken in regard to the building permits are distinct from remedies available under the contract, and the court is not presented with a simple contract dispute.

Although the City contends that its actions did not rise to the level of severity required for a due process violation, that position is dependant on whether the defendants acted out of concern for the legitimate civic interests as they claim.  This too was previously addressed in the summary judgment decision when the court stated that,

> if a trier of facts found the defendants' version worthy of belief, it would appear that the defendants acted in the legitimate interests of the City and did not deprive the developers of their property rights by arbitrary or capricious action.  Or, at the very worst, the defendants' conduct might be viewed as an exercise of poor judgment.

(Decision and Order at 12.).  Furthermore, the fact that the City acts with permissible intentions does not mean that it may use extreme means of enforcement, disproportionate to the goal that is sought.  Thus, material facts remain in dispute and summary judgment is not appropriate with respect to count one.  Moreover, based on the foregoing, the defendants have not presented newly discovered evidence or established a manifest error of law.  Accordingly, the City's motion for reconsideration will be denied.

## II. Procedural Due Process: Release of the City's Mortgage Interests

The defendants' motion also asks the court to reconsider its denial of summary judgment as to count three of the plaintiffs' complaint.  As mentioned earlier, count three alleges that the defendants improperly refused to partially release their mortgage interests, upon the purchase of

5

individual condominium units. The court granted summary judgment to the extent that count three was intended to assert a violation of substantive due process, but denied summary judgment without prejudice to the extent that the plaintiffs intended to assert a procedural due process violation. Summary judgment was not appropriate with regard to the alleged procedural due process violation because there was no showing of what post-deprivation procedures, if any, were available to the plaintiffs in order to obtain due process. (Summ. J. Decision and Order at 10-11, 17.).

The defendants' pending motion for reconsideration now discusses post-deprivation remedies that were arguably available, thus precluding a violation of procedural due process claim. The defendants ask the court to dismiss count three in its entirety.

The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of "life, liberty, or property, without due process of law." Due process "is not a technical conception with a fixed content unrelated to time, place, and circumstances;" instead, it "is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976)(citations omitted). A court considering what process is due must weigh three factors: (1) the private interest that will be affected by the official action, (2) the risk of erroneous deprivation of such an interest through procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail. Baird v. Bd. of Educ. for Warren Cmty. Unit School Dist. No. 205, 389 F.3d 685, 690 (7th Cir. 2004).

The key is that there can be no due process without "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333

(1976)(quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).  In general, a hearing appropriate to the nature of the case must precede the deprivation.  Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 541 (1985)(citations omitted).  However, where the state's actions are "random and unauthorized" rather than predictable, due process requirements may be satisfied if there are adequate post-deprivation remedies.  Parratt v. Taylor, 451 U.S. 527, 538 (1981); Veterans Legal Defense Fund v. Schwartz, 330 F.3d 937, 939-40 (7th Cir. 2003); Stachowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir. 2005).

In the present case, the defendants cite state court, post-deprivation remedies to support of their argument that count three should be dismissed.  The defendants suggest that the plaintiffs could have filed suit under Wisconsin Statute § 706.05, which deems a mortgage-holder liable for penalty and actual damages if (1) there is partial performance of the conditions of the mortgage and (2) the mortgage-holder unreasonably fails or refuses to execute and record a partial satisfaction of the mortgage, within seven days after a written request to do so.  Wis. Stat. § 706.05(9).  In addition, the defendants say that a suit in equity would allow an order that satisfies the mortgage, upon proof of their right to release, and that the plaintiffs could have asked the court to determine whether the defendants were obligated to release their mortgage interests by filing a suit for declaratory judgment.  (Def. Reply Br. at 5-6.).  Moreover, the defendants say that the plaintiffs could have sought recourse by bringing suit pursuant to Wisconsin Statute § 840.03, which permits actions to enforce interests in real estate, to obtain specific performance of a contract or covenant related to a real estate interest, or to seek damages.  § 840.03(1)(d), (f), (o).

In the opinion of this court, under the attendant circumstances, the statutes cited by the defendants do not provide the plaintiffs with the type of post-deprivation remedies that operate to preclude a claim of procedural due process.  In regard to the City's refusal to issue building

7

permits, the court held the plaintiffs could not establish a violation of procedural due process because they could have immediately appealed the City's permit denial to the City Board of Appeals, sought state court review of an unfavorable decision by the Board, and also had a state law right to bring an action in mandamus. (Summ. J. Decision and Order at 8 (citing Defs. Summ. J. Reply Br. at 20-21.)). In other words, there are statutorily built-in avenues of recourse that would have provided the plaintiffs with meaningful due process. Not knowing whether similar avenues of recourse might exist in regard to the plaintiffs' claim based on the defendants' failure to issue partial releases of the mortgage, the court stated:

> the defendants have failed to indicate which remedies exist under state law to provide due process. For example, is there a procedure the plaintiffs could have invoked to be heard on the refusal to issue partial releases? It may be, as noted in New Burnham Prairie Homes, supra, that the developers could have resorted to state law mandamus procedures, but that was a case brought under Illinois law. Since this court declines to speculate as to possible post-deprivation remedies under Wisconsin law, the issue will be unresolved . . .

(Summ. J. Decision and Order at 10-11.).

In its motion for reconsideration, the defendants are silent as to whether there are similar established administrative or statutory procedures the plaintiffs could have pursued in seeking review of the defendants' refusal to issue the partial mortgage releases. While the plaintiffs could have commenced the separate state court actions referenced by the defendants, or the actions set forth in the complaint, initiating a judicial action is *always* an option for an aggrieved party. Under certain circumstances, that option may be deemed sufficient for purpose of due process. In the present case, however, the opportunity to be heard at a meaningful time and in a meaningful manner requires more.

More is required because the mortgage agreement was part and parcel to the development project—the City acquired the property, conveyed it to the developers, and took the mortgage as

8

their security.  Once the project was underway, the parties continuously negotiated amendments to the contract, and the plaintiffs' position is that the City improperly exercised its authority as to whether building permits would be issued, and later declined to partially release their mortgage interests in the condominium units due to the perception that one of the developers was on the brink of filing bankruptcy.  From the plaintiffs' perspective, the defendants held all the cards and not by virtue of the contractual relationship, but by exercise of municipal authority.  Since the plaintiffs could not reasonably be expected to sell the condominium units without the defendants' partial release, withholding such release therefore had the potential to cause serious financial hardship to the plaintiffs.  In fact, the plaintiffs contend that the defendants' actions ultimately forced them to repay the mortgage debt early to facilitate sale of the individual units.

In light of the risk of substantial hardship to the plaintiffs, proceeding by way of a state court lawsuit would not constitute "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  <u>Mathews</u>, 424 U.S. at 333.  Thus, the defendants have failed to persuade the court that count three of the plaintiffs' complaint should be dismissed.  The motion for reconsideration will also be denied with respect to count three.

For all the reasons discussed herein, the court now enters the following order on the defendants' motion for reconsideration:

**IT IS THEREFORE ORDERED** that the defendants' motion for reconsideration is **denied.**

Dated at Milwaukee, Wisconsin this <u>18th</u> day of November, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge