UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**PENINSULA PROPERTIES, INC.,**
**LEWIS H. KRUEGER,**
**RICHARD J. GIESLER and**
**AAK HOLDINGS, LLC,**

        Plaintiffs,

  v.                                            Case No. 04-C-692

**CITY OF STURGEON BAY and**
**WATERFRONT REDEVELOPMENT**
**AUTHORITY OF THE CITY OF STURGEON BAY,**

        Defendants.

---

**DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS PENDENT STATE CLAIMS**

---

## INTRODUCTION

The dispute in this case arises out of a contract between the parties for the construction of a hotel, a convention center, and a number of condominium units that were located on a portion of the City of Sturgeon Bay's waterfront. The complaint sets forth two claims pursuant to 42 U.S.C. § 1983 which allege that the defendants violated the plaintiffs' right to due process. In addition, the plaintiffs assert state law claims for breach of contract, breach of the covenant of good faith, and tortious interference.

The City of Sturgeon Bay (the "City") and Waterfront Redevelopment Authority of the City of Sturgeon Bay (the "Redevelopment Authority") previously filed a motion for judgment on the pleadings as to the plaintiffs' §1983 claims. The court granted that motion in part and denied it

in part, after the parties agreed that the motion should be treated as a motion for summary judgment. (Order Aug. 17, 2005.). The court also denied a subsequent motion for reconsideration of its summary judgment decision. (Order Nov. 18, 2005.).

On October 26, 2005, the defendants filed a motion to dismiss the plaintiffs' pendent state law claims for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). In support of their motion to dismiss, the defendants argue that the plaintiffs failed to comply with the Wisconsin Statute § 893.80(1)(a)-(b). Specifically, the defendants contend that the plaintiffs never submitted a notice of injury or a notice of claim to the defendants' appropriate representative, as required by § 893.80. Going further, the defendants say that dismissal is required because plaintiffs' failure to comply with § 893.80 means that the plaintiffs' suit was never commenced as to those claims and that the court lacks subject matter jurisdiction.

The pleadings on the defendants' motion are now closed, and it is ready for resolution. A jury trial is scheduled to commence on January 17, 2005, with a final pretrial conference set for December 20, 2005.

## ANALYSIS

### A. Timeliness and Waiver

In the plaintiffs' response brief and the defendants' reply brief, the parties vigorously dispute whether the defendants have waived the § 893.80 defense now set forth in the pending motion to dismiss. The defendants argue that they adequately preserved their § 893.80 defense by stating that "[t]he plaintiffs' claims are barred by the failure of a condition precedent" in their answer. (Ans. ¶ 76.). In the alternative, the defendants say that the requirements of § 893.80 are not waivable under Wisconsin law, regardless of whether the affirmative defense is plead by the

2

Case 1:04-cv-00692-AEG   Filed 12/14/05   Page 2 of 12   Document 77

defendant. (Reply Br. at 3-4, 14 (citing Mannino v. Davenport, 99 Wis.2d 602, 612, 299 N.W.2d 823, 828 (1981).).

The plaintiffs argue that the quoted sentence of the defendants' answer is not sufficient to provide notice of their § 893.80 affirmative defense. In addition, the plaintiffs dispute the defendants' interpretation of Wisconsin law, claiming that the defense is waived whenever it is not raised by the defendant. (Pls.' Resp. Br. at 5-6.); see also Elkhorn Area Sch. Dist. v. East Troy Cmty. Sch. Dist., 110 Wis.2d 1, 4, 327 N.W.2d 206, 208 (Wis. Ct. App. 1982)("[a] governmental subdivision *must* plead the lack of compliance with sec. 893.80(1)(a), Stats., as a defense")(citing Weiss v. City of Milwaukee, 79 Wis.2d 213, 228, 255 N.W.2d 496, 501 (1977)(emphasis added)); Thorp v. Town of Lebanon, 2000 WI 60 ¶ 24, 235 Wis.2d 610, 626, 612 N.W.2d 59, 69 (same). In addition, based on federal principles of delay and procedural waiver, rather than substantive Wisconsin law, the plaintiffs assert that the defendants' motion should be denied because it is untimely and prejudicial at this late stage in the litigation.

In the opinion of this court, it is not necessary to resolve many of the issues raised by the parties. Regardless of whether the defendants have waived their § 893.80 defense, the motion to dismiss is untimely and need not be entertained at this late date. See Riggins v. Walter, 279 F.3d 422, 428 (7th Cir. 2001)(denial of motion to dismiss upheld where the movant never filed leave to amend and failed to offer adequate reason for not filing his motion before the deadline). On October 15, 2004, this court entered a scheduling order requiring that the parties file all nondiscovery-related motions by December 1, 2004. The court also required the parties to complete all fact discovery by March 31, 2005. On March 9, 2005, the defendants filed a motion to dismiss on other grounds. However, the defendants did not file the pending motion to dismiss until October 26, 2005, almost eleven months after the relevant motion deadline had expired.

3

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order shall not be modified except upon a showing of good cause and by leave of court. The defendants have not sought leave of court to file the pending motion and, in regard to their delay, the defendants submit only that a challenge to the court's subject matter jurisdiction may be made at any time. While this court does have a continuing duty to evaluate its subject matter jurisdiction, federal subject matter jurisdiction is not implicated by compliance with Wisconsin Statute § 893.80. Federal law controls this court's subject matter jurisdiction, and state law cannot expand or contract that grant of jurisdiction. See Goetzke v. Ferro Corp., 280 F.3d 766, 778-79 (7th Cir. 2002)("[o]nce Congress has conferred subject matter jurisdiction on the federal courts, state law cannot expand or contract that grant of authority."). Moreover, in Schwetz v. Employers Insurance of Wausau, the Wisconsin Court of Appeals reiterated that:

> the requirements of sec. 893.80 do not apply to subject matter jurisdiction. They deal only with the conditions for properly commencing a suit. Whether a claim has been filed, the circuit court still has jurisdiction of the subject matter.

126 Wis.2d 32, 37, 374 N.W.2d 241, 244 (1985)(citing Figgs v. City of Milwaukee, 121 Wis.2d 44, 51 n. 6, 357 N.W.2d 548, 552 n.6 (Wis. 1984). While compliance with the notice requirements of § 893.80 might affect whether the plaintiffs have stated a valid cause of action under Wisconsin law, the existence of subject matter jurisdiction is not in dispute.

Furthermore, because the defendants contend that the plaintiffs failed to comply with § 893.80 prior to commencing suit, the defendants necessarily knew—or had reason to know—of the pending defense and all facts relevant to their position quite early in the litigation. Certainly, dismissal on this ground could have been pursued in accordance with the court's scheduling order. It should have been included in the defendants' previous motion to dismiss. Instead, the defendants did not prevail on their earlier motion, promptly sought reconsideration, and four

4

months after that, filed the present motion. Such piecemeal litigation will not be sanctioned, especially with a closely approaching date for trial. In light of all of these considerations, the court finds that the defendants have not presented an adequate showing of cause for their delay, and the motion is untimely. On that basis, the motion will be denied.

## B. Section 893.80 Compliance

Even assuming that the defendants preserved their § 893.80 defense and filed a timely motion to dismiss, the opinion of this court is that the plaintiffs have complied with Wisconsin's notice of injury and notice of claim requirements. This constitutes a second basis for denying the defendants' motion to dismiss. Compliance with the notice of injury requirement will be discussed first.

### 1. Notice of Injury Requirement

The notice of injury provision of § 893.80 requires that the plaintiffs serve the defendants with written notice of the circumstances of their claim, within 120 days of the event(s) giving rise to their claim. § 893.80(1)(a). However, failure to give the requisite notice does not bar the plaintiffs' action if (1) the defendants had actual notice of the claim and (2) the delay or failure to give the requisite notice has not been prejudicial to the defendant. Id. The purpose of notice of injury requirement is to allow governmental authorities to make prompt investigation of the circumstances giving rise to a claim. Elkhorn Area Sch. Dist. v. East Troy Cmty. Sch. Dist., 110, Wis.2d 1, 4, 327 N.W.2d 206, 208 (Wis. Ct. App. 1982).

Richard J. Giesler ("Giesler"), one of the plaintiff-developers, says that the defendants had actual notice of the plaintiffs' injuries. (Giesler Decl. Nov. 15, 2005.). According to Giesler, the plaintiffs informed the City's administrator that they would be financially damaged if the City were to insist on an accelerated construction schedule for the residential condominium buildings

5

in 1997 and in 1998.  (Id. ¶¶ 3-4.).  Financial loss was a serious risk to the plaintiffs because the demand for condominiums would not be sufficient to sell the individual units quickly and a large number of empty condominium units would detract from the project.  (Id.).

The defendants do not dispute this allegation.  In response to the Giesler affidavit, the defendants cite the fact that the contract was amended in 1997 to increase the number of condominium units and argue that the Giesler affidavit does not "allege an event giving rise to a claim."  (Def. Reply Br. at 11.).  The court finds neither argument persuasive.  The cited 1997 amendments were agreed to before the City withheld any building permits.  At that time, the plaintiffs still believed that the condominiums would be built sequentially, after the units in each building were sold.  Thus, an increase in the quantity of condominium units by way of the 1997 amendments does not bear on the timing concerns that the plaintiffs contended would cause financial detriment.  In addition, the Giesler declaration is clear that the events giving rise to the plaintiffs' claim were the City's withholding of the building permits and the resulting contract amendments that left the plaintiffs with unsold condominium units.  The plaintiffs' discussions with the City administrator as to those events and the potential for financial loss gave the City a chance to investigate the plaintiffs' concerns and to assess the impact of its actions.  That opportunity is all that the § 893.80 notice of injury provision requires.

As to the plaintiffs' other state law claims, Giesler submits that the defendants were asked to release their mortgage interests whenever a new condominium sale was imminent and were told that failure to do so would prevent sale of the units.  (Giesler Decl. ¶ 6.).  In addition, Giesler says that the City was aware that the plaintiffs paid the mortgage note early, losing use of funds needed to pay off the balance years ahead of schedule.  The defendants respond that the plaintiffs never declared a right to the releases, never alleged that the defendants acted in bad faith, and never

claimed that the defendants were interfering with their sales. (Def. Reply Br. at 12.). Thus, the defendants say that, at best, there was constructive notice rather than actual notice, which is insufficient for purposes of § 893.80(1)(a). (Id. (citing Elkhorn Area Sch. Dist., 110 Wis.2d at 6, 327 N.W.2d at 209).).

The case at bar, however, is significantly different from the Elkorn Area School District case. In the Elkorn School District case, each party acknowledged receipt of an order that transferred certain property from the East Troy school district to the Elkhorn school district. Then, for a period of approximately fifteen years, the East Troy district *unwittingly* accepted property tax revenues that it had no authority to receive. Elkhorn Area Sch. Dist., 110 Wis.2d at 6, 327 N.W.2d at 209. On March 10, 1980, the Elkhorn school district finally served a notice of claim on the East Troy school district. Id. Despite the fact that East Troy had information from which it could have discovered the taxing error fifteen years earlier, the Court of Appeals upheld the trial court's finding that East Troy did not have notice for purposes of § 893.80 until March 10, 1980. Until that date, East Troy's notice was constructive and not actual.

In the present case, there is no hidden error that caused the defendants to "unwittingly" damage the plaintiffs. It is undisputed that the defendants initially released their mortgage interests and then later declined to do so. Inevitably, this would adversely affect the plaintiffs' ability to sell the units. In other words, the defendants had actual notice because the injury claimed by the plaintiffs is reasonably obvious based on the parties' course of dealings and all of the relevant facts. The other issues raised by the defendants—whether the plaintiffs had a right to the releases and whether the defendants' actions constitute bad faith—go beyond circumstances needed to alert the defendants of the plaintiffs' potential damages; these issues will be determined

7

by the jury at trial. Accordingly, the defendants had actual notice of the plaintiffs' alleged injuries.

In addition, there is no indication that the defendants have been prejudiced by receiving actual notice instead of the requisite notice set forth in § 893.80. Thus, both of the § 893.80(1)(a) notice of injury requirements have been satisfied and the court will turn its attention to the notice of claim requirements.

### 2. Notice of Claim Requirement

The § 893.80 notice of claim requirements are intended to afford the municipal governing body the opportunity to compromise and settle the claim without litigation. Gonzalez v. Teskey, 160 Wis.2d 1, 12, 465 N.W.2d 525, 530 (Wis. Ct. App.1990)(citing Figgs v. City of Milwaukee, 121 Wis.2d 44, 53, 357 N.W.2d 548, 553 (1984)). Accordingly, the notice of claim provision is satisfied where:

(1) the claim contains the plaintiff's address;
(2) the claim is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant;
(3) the claim contains an itemized statement of the relief sought; and
(4) the claim is disallowed by the defendant.

The itemized statement of relief described in the third element requires a list, item by item, if more than one method of relief is sought. Figgs, 121 Wis.2d at 52-53, 357 N.W.2d at 553. "If only one form of relief is sought, e.g., money damages, the statement of the amount sought as damages is sufficient." Id.

In determining whether the four notice of injury requirements are satisfied, the court must consider whether the statement of the demand is definite enough to fulfill the purpose of the claim statute. Under Wisconsin case law, if the plaintiff sets forth a dollar amount of damage in his notice, the purpose of the statute is satisfied since the defendant has a meaningful and

knowledgeable opportunity to settle the claim. Figgs, 121 Wis.2d at 54, 357 N.W.2d at 554; Vanstone v. Town of Delafield, 191 Wis.2d 586, 596, 530 N.W.2d 16, 20 (Wis. Ct. App. 1995). However, the court must also use "[a] construction which preserves a bona fide claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without a trial."' Id. (internal citations omitted). Wisconsin courts have held that this is accomplished by requiring only substantial and not strict compliance with the notice requirements. Figgs, 121 Wis.2d at 54-55, 357 N.W.2d at 554; Thorp v. Town of Lebanon, 2000 WI 60 ¶ 28, 235 Wis.2d 610, 629, 612 N.W.2d 59, 70.

Once a notice of claim that complies with the first three requirements has been properly submitted, the plaintiff must wait to file suit until the defendant disallows the plaintiffs' claim. Alternatively, if 120 days pass with no action by the defendants, disallowance is presumed, and the plaintiff may file suit. § 893.80(1g).

In the present case, the plaintiffs filed two letters in response to the defendants' motion that are relevant for purposes of the notice of claim requirement. Both letters are addressed to the City of Sturgeon Bay's City Attorney and contain the address of the plaintiffs' counsel. The Wisconsin Supreme Court has deemed such correspondence to substantially comply with the first two elements of § 893.80(1)(b). See State Dep't of Natural Res. v. City of Waukesha, 184 Wis.2d 178, 199-200, 515 N.W.2d 888, 896 (1994). Accordingly, the court's analysis will focus on the itemization and disallowance requirements.

In that regard, the first letter indicates that the plaintiffs have made several proposals to resolve their dispute with the City, but that the City has not been responsive. (Def. Resp. Br. Ex. 1 at 1.). In addition, the letter states that the City has breached its obligations to the plaintiffs in two respects: first, by "illegally required the [plaintiffs] to construct three residential condominium

9

buildings simultaneously as a condition of receiving a building permit" and, second, by "refus[ing] without justification to permit the sale of some of the condominium units to close." (Id.). The letter then goes on to specify the plaintiffs' position as to each of these two claims in detail and suggests that the parties try to settle their dispute. It is clear that the plaintiffs' letter goes beyond a simple complaint about the defendants' actions. In fact, in a portion of the letter entitled "Settlement Offer," the letter states that:

> the Developers have suffered damages in excess of $600,000 as a result of the City's actions. That being said, the Developers would like to resolve this dispute amicably if possible. Both parties have put many years of work into restoration of the Sturgeon Bay waterfront and have a vital interest in the continuing future success of the Project. Further disputes and litigation will put that success at risk.
>
> As an initial part of any settlement, the City would have to give a complete satisfaction of the 1997 mortgage note and mortgage. Other terms and conditions would have to be discussed and agreed upon at a settlement meeting in order to make our clients whole.

Based on the foregoing passage, the plaintiffs substantially complied with the itemization requirement. Most notably, the letter specifies that the plaintiffs suffered at least $600,000 in monetary damages, which Wisconsin courts have held to satisfy the purposes of § 893.80. In addition, the letter demands complete satisfaction of the 1997 mortgage note and mortgage as a second form of relief. While the letter also indicates that "other terms and conditions would have to be discussed,"the defendants were sufficiently placed on notice as to the basic items needed to resolve the matter. Clearly, the plaintiffs' offer provided the defendants with enough information in order to weigh the benefits of settling the case against the risks and costs of future litigation. Prompt discussion and resolution of this matter was of particular importance to the plaintiffs, as indicated by the following passage from the letter:

> We would like to arrange such a meeting between the parties and their counsel to resolve this matter as soon as possible, and in any event no later than June 4, 2004.

> The foreclosure proceedings Mr. Krueger has commenced with respect to the Residential Buildings and other time pressures make an early resolution essential. We anticipate the foreclosure proceedings will be finalized within the next three weeks. At that juncture, our clients would no longer have any incentive to reach a settlement with the City.
>
> We will expect to hear from you without undue delay.

The second letter filed in response to the defendants' motion to dismiss reflects that the parties were able to promptly discuss settlement, as requested in the May 28, 2005 letter. (Def. Resp. Br. Ex. 2.). According to the second letter dated June 7, 2004, the City refused to release its interest in several of the condominium units, and the parties were unable to settle their dispute. Accordingly, the plaintiffs indicated that litigation against the City could be avoided if the City (1) released its interest in specified condominium units and (2) filed a stipulation and order for dismissal in the pending foreclosure action.

Based on both letters, the defendants knew what the plaintiffs' demands were, both parties spent time meeting and negotiating with one another, but no settlement of the dispute was reached. The defendants certainly had sufficient information and opportunity to make an informed decision as to the plaintiffs' claims. Accordingly, the court finds that the plaintiffs substantially complied with the third § 893.80 requirement. Moreover, on similar facts, the Wisconsin Court of Appeals held that injustice to the claimant outweighs Wisconsin's public interest in § 893.80 compliance where the defendant had sufficient information to settle the parties' dispute. Fritsch v. St. Croix Central Sch. Dist., 183 Wis.2d 336, 346, 515 N.W.2d 328, 332 (1994). The court finds the reasoning of the Fritsch court persuasive. The same policy considerations discussed in Fritsch apply in the present case, and the public interest is best served by recognizing the defendants' settlement capability, regardless of the itemization requirement.

11

Case 1:04-cv-00692-AEG    Filed 12/14/05    Page 11 of 12    Document 77

In regard to the final notice requirement, plaintiffs must show that the defendants disallowed their claim or that 120 days passed with no action by the defendants before suit was filed. Plaintiffs' counsel says that the City rejected their proposals, and the pending suit was filed shortly thereafter. (Schoenfeld Decl. ¶ 3.). The defendants do not claim that they were still weighing the settlement offer when the plaintiffs filed suit or otherwise dispute plaintiffs' counsel's claim of disallowance. Thus, the court finds that all four notice of claim requirements have been satisfied on these facts. Accordingly, the motion to dismiss will be denied on this basis as well.

For all the reasons discussed herein, the court now enters the following order on the defendants' motion to dismiss the pendent state law claims:

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss is hereby **denied.**

Dated at Milwaukee, Wisconsin, this 14th day of December, 2005.

_____
s/AARON E. GOODSTEIN
United States Magistrate Judge