# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PENINSULA PROPERTIES, INC.,
LEWIS H. KRUEGER,
RICHARD J. GIESLER and
AAK HOLDINGS, LLC.,

        Plaintiffs,

v.                                                 Case No.  04-C-692

CITY OF STURGEON BAY,
WATERFRONT REDEVELOPMENT
AUTHORITY OF THE CITY OF STURGEON BAY
AND GUARANTY TITLE SERVICES, INC.,

        Defendants.

## ORDER ON MOTIONS IN LIMINE

In conjunction with their respective pretrial reports, the parties have filed motions in limine, which have been briefed and are now ready for resolution.  As will be seen in the Court's subsequent discussion, an unresolved issue runs through, and is crucial to the resolution of each of the motions.  That issue is the interpretation and interrelationship of paragraph 9(a) of the Development Contract and the due-on-sale clause of the mortgage.  This issue has been raised by the parties in prior motions, both taking opposing views.

Specifically, paragraph 9(a) of the Development Contract provides as follows:

a. Sale/Lease. Neither DCH nor its successors, assigns or agents may sell nor lease the entire hotel/convention center site or the premises without the prior written approval of the WRA, which shall not be unreasonably withheld. This subparagraph shall not require WRA approval for the sale or lease of any condominium unit or retail space.

The mortgage given by the Developers contained the following provision:

12. CONSENT REQUIRED FOR TRANSFER. Mortgagor shall not transfer, sell or convey any legal or equitable interest in the Property (by deed, land contract, option, long-term lease or in any other way) without the prior written consent of Mortgagee, unless either the indebtedness secured by this Mortgage is first paid in full or the interest conveyed is a mortgage or other security interest in the Property, subordinate to the lien of this Mortgage. The entire indebtedness under the note(s) secured by this Mortgage shall become due and payable in full, at the option of the Mortgagee without notice, upon any transfer, sale or conveyance made in violation of this paragraph.

The position of the plaintiffs ("Developers") is that paragraph 9(a) contains two parts, the second of which does not require approval of the City/WRA to the sale of individual condominium units. In order to facilitate the sale of such individual units, the parties agreed that the defendants ("City") would issue partial releases of the mortgage, which it did until bankruptcy was declared by DCI. The City takes the position that the condominium sale clause in the Development Contract and the mortgage are separate and independent documents, each having its own purpose, and paragraph 9(a) does not obligate the City to issue partial releases.

As discussed in its prior decisions, the Court views these separate documents as part and parcel of the overall development project. The course of dealing between the parties establish sales of individual condominium units, together with the issuance of partial releases of the mortgage. The Developers contend that the actions of the City until it refused to issue any further partial releases comports with the meaning and effect the parties gave to the two documents. The City vigorously disagrees, arguing that the language of the documents is unambiguous; that at the point in time that it felt financially insecure due to the bankruptcy of DCI, it was reasonable to cease issuing partial releases of its only security in the project.

The motions in limine filed by the parties reflect their respective positions. In its prior decisions, the Court declined ruling on the contractual language, since it was not necessary in order to resolve the various issues presented. Now, having reviewed the motions in limine, this Court believes that the

parties have raised factual issues for the jury in regard to their respective interpretations of the contract. For example, was the practice of the City in issuing partial releases of the mortgage an acknowledgment that partial release is what the documents, when viewed in tandem required, or simply a waiver of its right to declare the entire mortgage balance due and owing under the due-on-sale clause for that particular sale? In this case, the actions of the parties speak louder than the written words of the documents, and those actions have raised sufficient ambiguity as to the interpretation and interrelationship of the above documents. The facts should be presented to the jury, and then final determinations can be made, either by the Court on motion, if appropriate, or the jury in its verdict. The Court now turns its attention to the motions in limine.

**A. Plaintiffs' Motions in Limine**

    **1. Procedural Due Process - Refusal to Issue Partial Releases of Mortgage**

The first motion asks the Court to exclude evidence and argument as to any procedures provided to challenge the City's refusal to issue partial mortgage releases as to residential condominiums sold by the Developers. This motion refers to the prior decisions of the Court holding that none of the statutes cited by the City provided meaningful postdeprivation procedures that would satisfy procedural due process. Using the Court's holdings as a basis for their reasoning, the Developers submit that, since the City was unable to demonstrate that procedures existed to provide a meaningful opportunity to challenge the refusal to issue partial releases of the mortgage, the Court should foreclose the City from pursuing this issue at trial. In other words, the Developers are asking the Court to either grant judgment to them on this issue, or to answer "yes" to verdict question which asks whether the City violated the plaintiffs' due process.

The City opposes the plaintiffs' motion in limine on the ground that the motion presumes that the Developers had a contractual right to partial releases under the Development Contract. As indicated

3

above, it has been the unwavering position of the City that this contract does not provide for the issuance of partial releases.

In issuing its prior decisions, and for the purpose of the motions in which it was asked to issue rulings as a matter of law, the court proceeded on the interpretation urged by the plaintiffs in order to address the due process claims. So, the first hurdle that the Developers must overcome at trial is contractual in nature. The Developers must establish that the parties agreed to the issuance of partial releases of the mortgage. If they are unable to do so, the City had discretion to refuse to issue partial releases, and there is no claim for a violation of procedural due process.

If the Developers pass that hurdle, the next one is the issue of procedural due process. Simply because this Court determined that the statutory procedures advanced by the City in its motion for reconsideration were insufficient to provide procedural due process does not mean that the City violated the plaintiffs' right to due process as a matter of law. This remains a matter that must be proven at trial. As argued by the City in its opposition brief, it believes that the facts will establish that not only did the Developers have a meaningful opportunity to voice their objections to the City's actions, but they rejected the City's offer to resolve the dispute.

This is an issue for trial, and the Court will deny the plaintiff's motion in limine.

**2. Reasonableness of City's Refusal to Issue Partial Releases of the Mortgage**

In this motion, the Developers seek to substantially limit the testimony of one of the City's experts, Timothy McCoy, who will offer his opinion regarding the reasonableness of the City's action in refusing to issue partial releases following the bankruptcy of DCI. The plaintiffs indicate that they take no issue with McCoy's testimony concerning business practice in regard to the condominium sale clause of the Development Contract, but they contend that the DCI bankruptcy was not a proper ground

4

for refusing to issue a release. The plaintiffs submit that under the mortgage, only default is a reason to invoke the due-on-sale clause.

In the Court's opinion, the issue of the reasonableness of the City's action cannot be precluded at trial. To repeat, the position of the plaintiffs is that the parties agreed that when individual units were sold, a partial release of the mortgage would issue, otherwise no individual units could be sold. However, the language of paragraph 9(a) is silent in regard to any release of the mortgage, partial or otherwise, and the due-on-sale clause of the mortgage states that the mortgagor shall not sell any interest in the property without the prior written consent of the mortgagee. If the plaintiffs are able to establish their interpretation of the parties' contractual agreements, and since the language of those agreements is silent as to partial releases, the standard of reasonableness must be imposed upon the issuance or non-issuance of such releases. The due-on-sale clause requires the written consent of the City/WRA, but it does not state that the City "shall" give its written consent, nor does it state that the City has absolute discretion and can arbitrarily withhold its consent. Thus, if the parties have agreed that partial releases will be issued, the City's written consent cannot be unreasonably withheld.

Accordingly, the Court will deny the plaintiffs' motion in limine.

**B. Defendants' Motion in Limine**

In its motion, the City seeks to have the Court prohibit the Developers from introducing any evidence in connection with, or relating to, any oral modification, interpretation or waiver of the provisions of the Development Contract and written amendments thereto. In support of its motion, the City cites the parol evidence rule and the Wisconsin Statute of Frauds. The City's motion, if granted, would eviscerate the plaintiffs' claims regarding the issuance of building permits and partial mortgage releases.

The Developers oppose the motion on two grounds. First, they submit that the City failed to raise the Statute of Frauds as an affirmative defense and should not be permitted to do so at this late date. Second, they argue that, unless the Court finds the contract provisions at issue unambiguous, parol evidence is admissible to determine the meaning of those clauses.

In the defendants' answer to the plaintiffs' complaint, thirteen affirmative defenses were raised. The Wisconsin Statute of Frauds was not one of them. Rule 8(c), Fed. R. Civ. P. clearly provides that the statute of frauds is one of the defenses that a party must affirmatively set forth in a pleading. In recently resolving the defendants' motion to dismiss state claims, the Court was similarly faced with the defendants' alleged failure to affirmatively raise the defense of non-compliance with Wis. Stats. §893.80. But unlike that situation, where the defense ostensibly fell under the raised affirmative defense of "failure of a condition precedent," the court finds no clause in the answer to arguably encompass the statute of frauds. Therefore, the Court finds that the statute of frauds defense is untimely.

As to the parol evidence rule, the Court's introductory discussion regarding the ambiguity of the contractual relationship between the parties is applicable and need not be repeated. In order to resolve such ambiguity, parol evidence will be received at trial, subject to the Federal Rules of Evidence. The defendants' motion in limine will also be denied.

Accordingly, the plaintiffs' motions in limine are **denied**, and the defendants' motion in limine is **denied**.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this <u>30th</u> day of December, 2005.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE